UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAURICE BRISTER,

                         Petitioner,

      -against-

WARDEN NYC DEPARTMENT OF CORRECTION,

                        Respondent.

25-CV-6631 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, currently detained in the George R. Vierno Center on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus*, which is captioned for an unspecified state court. (ECF 1.) Petitioner is challenging the lawfulness of his detention, arising from criminal proceedings pending in Brooklyn, Kings County, New York. For the following reasons, this petition is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

The Court construes this submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See Soto v. Warden*, No. 21-CV-4068, 2021 WL 4192861, at *2 (E.D.N.Y. Aug. 10, 2021) ("[S]ection 2241 applies to all individuals held in state custody while [Section] 2254 applies only to those whose custody results from a final judgment.") (citations omitted). A court entertaining a *habeas corpus* petition under Section 2241 must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (explaining that a writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of such a petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Petitioner is currently detained on Rikers Island, which is located in the East River between Bronx and Queens Counties, and is generally understood to be part of both the Southern and Eastern Districts of New York, concurrently. *See* 28 U.S.C. § 112(b)-(c); *see also Jones v. Dunbar*, No. 21-CV-6036 (E.D.N.Y. Nov. 4, 2021) ("[B]oth the Southern and Eastern Districts have jurisdiction to hear *habeas* petitions from people incarcerated [on] Rikers" Island.). Thus, both this court, and the United States District Court for the Eastern District of New York have jurisdiction to consider this Section 2241 *habeas corpus* action.

Petitioner asserts that his criminal proceedings are pending in Kings County, which falls within the Eastern District of New York, 28 U.S.C. § 112(c). While this court has jurisdiction to consider this action, because Petitioner's custodian is located in the Eastern District of New York, and his criminal proceedings are pending in that district, the Court transfers this *habeas corpus* action, in the interest of justice, to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Court transfers this *habeas corpus* action, in the interest of justice, to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Petitioner should be permitted to proceed further without payment of the fee is a determination to be made by the transferee court. This order closes this case in this court.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 19, 2025
             New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                             Chief United States District Judge